IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
_____ FILED _____ ENTERED
_____ LOGGED  AV   RECEIVED

        MAY 1 4 2024

         AT BALTIMORE
    CLERK, U.S. DISTRICT COURT
     DISTRICT OF MARYLAND
BY                      DEPUTY
```

LISA REDIFER                                    *
2125 Potspring Road
Lutherville, MD 21093                            *

     Plaintiff                            *

     vs.                                  *          No.: JRR 24 CV 1403

SEDGWICK CLAIMS MANAGEMENT SERVICES. INC.
1000 Ridgeway Loop Road
Memphis, TN 38120                                *

Serve: Resident Agent                           *
CSC Lawyers Incorporating Service
7 St. Paul Street                               *
Suite 820
Baltimore, MD 21202-2272                        *

     Defendant                            *
*    *    *    *    *    *    *    *    *    *    *    *    *

## **COMPLAINT**

Now comes the Plaintiff, Lisa Redifer, by and through her attorney, Keith R. Siskind,

Esquire and the Law Offices of Steinhardt, Siskind and Lieberman, LLC, and files this

Complaint against the Defendant, and in furtherance thereof states as follows:

### **Jurisdiction**

1. That this Court has jurisdiction over the parties of this cause of action pursuant to

   Title 28 USC, §1332 and 29 USC, § 1132 (e).

2. That this Court has jurisdiction of the subject matter as the short term disability plan

   sponsored by the Defendant is a qualified Employee Welfare Benefit Plan regulated

   by the Employment Retirement Security Act of 1974, 29 USC, § 1001, et seq.

   Plaintiff also remains eligible for long term disability benefits under the Defendant's

1

plan.

3.  That the ERISA statute provides, at 29 USC, § 1133, a mechanism for administrative or internal appeal of benefit denials.  Those avenues of appeal are now deemed exhausted, and it is futile for Plaintiff to proceed with further administrative action due to the Defendant's continued failure to respond.  CFR 2560.503-1(1) states as follows:

> ... a Claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under §502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

Further, Plaintiff submits that a de novo standard of review now applies to this case.

## Venue

4.  That venue of this action lies in the United States District Court for the District of Maryland under 29 USC, § 1132(e)(2), 28 USC, § 1391, in that the Plaintiff resides in the State of Maryland, is employed in the State of Maryland, and the cause of action arose in the State of Maryland.

## The Parties

5.  That the Plaintiff, Lisa Redifer, is an individual, a citizen of the State of Maryland, residing at 2125 Potspring Road, Lutherville, MD 21093.

6.  That the Defendant sponsored a disability plan for its employees.

## Statement of Facts

7.  That the Plaintiff was employed as a Nurse Case Manager for the Defendant where she began working in October 2005.

2

8. The Plaintiff is currently 60 years of age.  The Plaintiff ceased working as of September 13, 2022 due to symptoms associated with an acute case of Covid which was subsequently diagnosed as long haul Covid.  The Plaintiff developed progressive symptoms of severe headaches coupled with fatigue, anxiety and depression.  The Plaintiff also has diagnostic evidence of cognitive deficits with memory, attention and executive function.

9. That the Plaintiff applied for short term disability benefits but such benefits were denied beyond September 14, 2022 pursuant to a disability determination of November 21, 2022 **(Exhibit 1).**

10. That on May 2, 2023 Plaintiff filed an administrative appeal.

11. That on September 7, 2023 Defendant, through National Appeals Unit (NAU), issued a final decision denying Plaintiff's claim for short term disability benefits.  **See Exhibit 2.**  This decision represented a final decision exhausting Plaintiff's administrative remedies.  NAU acknowledges that the plan is regulated by ERISA, noting Plaintiff's option to bring a civil action under ERISA 502(a).

12. That at issue in this case is the policy language of the Defendant's plan which states the following:

> *STD benefits are payable for up to 180 days as long as you continue to provide clinical documentation to support that you are unable to perform the material duties of your own occupation.*

Further, the plan states:

> *To be considered disabled you must be unable to perform the duties of your regular occupation because of the disability and you must not be working in any occupation.*

## *Count I*

13. That the Plaintiff reasserts and incorporates each and every fact and allegation as set forth in the previous paragraphs as if fully and completely set forth herein.

14. That pursuant to 29 U.S.C. §1132(a)(1) "a civil action may be brought… by a participant or a beneficiary… B. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

15. That the Plaintiff contends that she meets the definition of disability pursuant to the Defendant's plan and is unable to perform the duties of her regular occupation because of her disability.

16. That the Plaintiff contends that the Defendant did not conduct a full and fair review and that the decision to deny short term disability benefits was unreasonable and not supported by substantial evidence.

17. That the Plaintiff contends that she has submitted objective medical evidence to document her disability. The medical and other evidence submitted on behalf of the Plaintiff demonstrates that the Plaintiff is precluded from performing the duties of her regular occupation.

18. That the Defendant has failed to reasonably consider the evidence presented by the Plaintiff, including but not limited to the Plaintiff's medical reports and neuropsychological evaluation. Consequently, Plaintiff contends that the decision to deny benefits under the plan is arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith.

4

19. That as a direct and proximate result of the aforesaid actions the Defendant is in breach of its agreement to provide short term disability benefits under the plan.

20. That as a direct and proximate result of the actions of the Defendant the Plaintiff has sustained damages totaling 180 days of short term disability benefits. Due to Plaintiff's years of service she is eligible for 100% of base pay up to 35 days and 75% of base pay up to the remaining 138 days. The Plaintiff's pre-disability salary is $ 84,000.00 thus entitling Plaintiff to the following benefits:

    35 days @ $ 233.33/day = $ 8,166.55

    138 days @ $ 175.00/day = $ 24,150.00

    Total: $ 32,316.55

21. That the Plaintiff further contends that due to her ongoing disability, and inability to perform the duties of either her regular or any occupation, Plaintiff is eligible to transition to long term disability benefits at the expiration of her short term disability benefits. Due to the Defendant's repeated failure to respond to Plaintiff's inquiries regarding her claim, it is futile for Plaintiff to proceed with further administrative action regarding her claim for long term disability benefits.

22. That as a direct and proximate result of the Defendant's actions the Plaintiff has been caused to incur attorney's fees and costs in an amount not now known to the Plaintiff.

### *Count II*

23. That the Plaintiff hereby adopts and incorporates by reference all of the previous allegations set forth in paragraphs 1 – 22.

24. That pursuant to 29 U.S.C. §1132(c)(1) the Defendant has an obligation to comply

with a request for information from the Plaintiff.

25. That on multiple occasions the Plaintiff, through the undersigned counsel, forwarded letters to the Defendant requesting a complete copy of the Plaintiff's Administrative Record, including all plan documents. Such requests are dated February 28, 2024, March 13, 2024, April 2, 2024 and April 11, 2024. Copies of these letters are collectively attached as **Exhibits 3-6.**

26. The aforesaid requests were received by Defendant and noted in their record but were never acted upon until Defendant forwarded the Administrative Record on April 30, 2024, 30 days after the deadline set forth in the ERISA regulations. However, Defendant has still not complied with the Plaintiff's repeated requests to provide all plan documents. The delay has prejudiced the Plaintiff's ability to review this matter and take further administrative action regarding her short term and long term disability claims.

27. That the Defendant is in violation of the aforesaid statute and subject to penalties of up to $ 100.00 per day, and other relief as the Court deems proper.

WHEREFORE, the Plaintiff prays for the following relief:

    a.   That this Court conduct a de novo review and order the Defendant to pay the Plaintiff all short term disability benefits due to the Plaintiff under the plan, said benefits beginning September 14, 2022;

    b.   That this Court approve Plaintiff's claim for long term disability benefits under the plan;

    c.   Granting the Plaintiff a monetary judgment against the Defendant for all

amounts due and owing;

d.    That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. §

1132, along with pre-judgment interest;

e.    That this Court assess the Defendant with a penalty in an amount up to

$ 100.00 per day for the Defendant's failure to produce plan documents;

and

f.    For such other and further relief to which the Plaintiff may be entitled or

the nature of this cause of action may require.

Keith R. Siskind, Esquire # 04415
Steinhardt, Siskind and Lieberman, LLC
808 Landmark Drive, Suite 227
Glen Burnie, MD 21061
410-766-7630
krs@steinhardtlawfirm.com
Attorney for Plaintiff